```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                        CENTRAL DIVISION at LEXINGTON
```

JAMES AND LASHERIE DAVIS,       )
                                )
                                )  Civil Action No. 5:07-417-JMH
     Plaintiffs,                )
                                )
v.                              )
                                )
                                )  **MEMORANDUM OPINION AND ORDER**
STATE FARM FIRE AND CASUALTY    )
COMPANY,                        )
                                )
     Defendant.                 )
                                )

                    \*\*    \*\*    \*\*    \*\*    \*\*

Plaintiff James Davis has filed a Motion for Partial Summary Judgment [Record No. 16] on Counts I (declaratory judgment) and II (breach of contract and/or the duty of good faith and fair dealing) of the Complaint in this matter. Essentially, Davis argues that he is an insured of Defendant, that he suffered a loss covered by his insurance policy, and that Defendant wrongfully failed to indemnify him for that loss pursuant to the contract of insurance by and between the parties. Defendant has responded to the motion, stating its objections and requesting relief under Fed. R. Civ. P. 56(f) [Record No. 18] on the grounds that the Motion for Partial Summary Judgment is premature and more discovery is needed.

While Defendant's response carefully spelled out what additional discovery is sought and how it would affect the outcome of the motion for summary judgment, it lacked the supporting affidavit required by

Fed. R. Civ. P. 56(f).  Thus, on July 14, 2008, the Court ordered [Record No. 20] Defendant State Farm Fire and Casualty Company to show cause why the Court should not proceed to consider Plaintiff James Davis' Motion for Partial Summary Judgment [Record No. 16].

On July 24, 2008, Defendant State Farm timely responded to the Court's order, attaching the Affidavit of Lanny Miller [Record No. 21] in support of its motion for relief under Fed. R. Civ. P. 56(f).  In his affidavit, Miller states the specific reasons why Defendant cannot set forth facts essential to justify its opposition to Plaintiff James Davis' Motion for Partial Summary Judgment.  Specifically, State Farm has reason to believe that Plaintiffs may have violated the Concealment or Fraud provision in their homeowners insurance policy by intentionally concealing or misrepresenting a material fact or circumstance related to this loss  – namely the existence, ownership, and value of the items purportedly stolen.  If proven, such a violation could obviate any relief requested by Plaintiff Davis in his Motion for Partial Summary Judgment.

Affiant Miller sets forth that Plaintiff James Davis has yet to submit to an examination under oath, despite repeated requests, and that State Farm needs addition time to further discover documentation or the lack thereof to support the Davis' claim for coverage.  He cites, specifically, the need to depose Plaintiffs and a third-party witness, Jonathan Stofer, who is believed to be in possession of documentation which would support Plaintiff's claim for loss, if that information

exists. Such evidence is, in State Farm's estimation, necessary to determine whether Plaintiffs violated the Concealment or Fraud provision in their homeowners insurance policy and, thus, necessary to adequately respond to Plaintiff's Motion for Partial Summary Judgment. Further, State Farm wishes to discover information regarding Plaintiffs' financial status, which it believes to be relevant to Plaintiffs' motive for taking the course of action so alleged. Finally, State Farm wishes to further discover information regarding a prior claim made by Plaintiffs for the same or similar items and paid by another insurer. Defendant has already issued written discovery to Plaintiffs and is taking additional steps to secure the discovery it believes necessary to defend itself in this matter.

Defendant has adequately explained what additional discovery is sought and how it would affect the outcome of the pending Motion for Summary Judgment, demonstrating that a "postponement of a ruling on the motion will enable [it] to rebut the motion for summary judgment." *Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). In this instance, relief under Fed. R. Civ. P. 56(f) is warranted as Defendant has shown, by its request for relief and affidavit, that discovery would shed further light on the specific issue underlying the summary judgment motion – Defendant's liability to Plaintiff under the contract of insurance by and between the parties to this case. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720-21 (6th Cir. 2004); *Powers v.*

*McGuigan*, 769 F.2d 72, 76 (2d Cir. 1985) ("where the discovery sought would not meet the issue that the moving party contends contains no issue of fact, it is not an abuse of discretion to decide the motion for summary judgment without granting discovery.").

The Court is persuaded that such discovery should proceed prior to any determination as to Plaintiff James Davis' claim for breach of contract upon his Motion for Partial Summary Judgment. The Court notes that fact discovery is due to close in this matter on September 30, 2008, and the time for expert discovery will expire on December 31, 2008. The Court sees no reason to deviate from that schedule at this juncture.

Accordingly, **IT IS ORDERED**:

(1) that the Court's Show Cause Order, dated July 14, 2008, has been **DISCHARGED**;

(2) that Defendant State Farm Fire and Casualty Company's request for relief under Fed. R. Civ. P. 56(f) [Record No. 18] shall be, and the same hereby is, **GRANTED**; and

(3) that Plaintiff James Davis' Motion for Partial Summary Judgment [Record No. 16] shall be, and the same hereby is, **DENIED WITHOUT PREJUDICE** to its refiling at a later time.

This the 28th day of July, 2008.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**